MOTION PICTURE PATENTS CO. v. NEW YORK MOTION PICTURE CO.

(Circuit Court, E. D. New York. November 23, 1909.)

PATENTS (§ 294*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction against infringement of a patent will not be granted, where it involves the determination by the court on affidavits of the very issue in the case; nor will it be granted in a doubtful case

---

on the theory that defendant, if not an infringer, will not be injured thereby.

[Ed. Note — For other cases, see Patents, Cent. Dig. § 473; Dec. Dig. § 294.*]

In Equity. Suit by the Motion Picture Patents Company against the New York Motion Picture Company. On motion for preliminary injunction. Motion denied.

Richard N. Dyer, for complainant.
Emerson R. Newell, for defendant.

CHATFIELD, District Judge. The complainant has brought an action upon an adjudicated patent with respect to a certain form of camera, alleging that the defendant is wrongfully using another style of camera, but with certain attachments, which the complainant shows are similar in character and use to those as to which the patent above referred to was held valid and infringed. For the purposes of this application for a preliminary injunction, the defendant has not controverted the validity of the patent, nor questioned the similarity of the particular style of camera claimed to be an infringement to the camera enjoined in the adjudicated case. It has confined its opposition to a denial of the allegations of infringing use, with any camera belonging to or used by the defendant.

A reargument was had, and further affidavits were submitted to explain certain matters connected with the trial of a shutter offered for sale at about the date in question. But the whole issue now comes down to a flat allegation on the part of the complainant, by two witnesses, to the effect that on a certain day one of the defendant's representatives was taking pictures with a camera which the affiants allege was similar in all respects to the one alleged by the complainant to be an infringement, and a statement by one of these affiants as to seeing, in a safe at the defendant's office, a camera which appeared, from external observation, to be the sort of camera the use of which is alleged by the complainant and denied by the defendant. Assuming that the complainant is charging use upon other occasions than those as to which the immaterial disputes have arisen, and assuming that the defendant has a camera, and has made use of the camera, which was thought by the persons making the affidavits to be an infringement, the question ultimately depends upon whether the defendant should be compelled to exhibit this camera, or whatever cameras it may have, and, in default of so doing, whether a temporary injunction should issue.

It is also urged by the complainant that an injunction against infringing use will not interfere with any lawful business on the part of the defendant, if it is not infringing. The defendant opposes being enjoined by protestations on general principles, and by innuendo on the ground that the complainant company is pursuing this method for the sake of harrassing the defendant and causing it expense. The defendant, while protesting against submitting its cameras for inspection, categorically denies the allegation that it has a camera

of the particular kind which is alleged by the complainant to be an infringement. This court is unwilling, upon application for a preliminary injunction, to decide, even contingently or temporarily, upon affidavits, what is substantially the issue itself of the case. It is not apparent that irreparable injury will be sustained while such a case as this is being tried, and the defendant does not seem to be of the elusive character which might require immediate action in order to prevent the risk of futility of any further determination.

This court is not of the opinion that its process, in the form of injunction, should be issued, or be held against a party, possibly innocent of wrongdoing, merely upon the theory that, if innocent, no business operations will be in terms forbidden. The possibilities from advertising such an order, and of far-reaching and unfair consequences, outweigh the benefit, unless the court is sufficiently satisfied that wrongdoing is shown, and is willing to issue an order forbidding the acts which it believes are wrong. Motion for preliminary injunction, therefore, will be denied; but, in view of the definite commercial character of the matters, this court will listen to an application for a provision in the order, if the complainant so elects, requiring the defendant to give security, not to prevent the issuance of a temporary injunction, but to cover any instances of possible irreparable injury, if a decree should be obtained at final hearing.

The amount of such bond can be determined upon the settlement of the order.